An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-946

Filed 1 July 2026

Wilson County, No. 13CVD001590-970

MARYLAND B. OUSLEY, Plaintiff,

v.

NICHOLAS A. FENNER, Defendant.

Appeal by Plaintiff from order entered 4 February 2025 by Judge Joseph E. Brown III in Wilson County District Court. Heard in the Court of Appeals 12 March 2026.

*Maryland B. Ousley, Plaintiff–Appellant, pro se.*

*Beaman & Bennington, PLLC, by Jennifer K. Bennington & Kelly D. Forghani, for Appellee Wilson County Department of Social Services.*

*No brief for Defendant–Appellee.*

MURRY, Judge.

Maryland B. Ousley (Plaintiff) appeals the trial court's order modifying Nicholas A. Fenner's (Defendant) child-support obligation. For the reasons below, this Court dismisses Plaintiff's appeal.

## I. Background

Plaintiff and Defendant are the parents of one minor child, L.N.F.[1] On 16 August 2017, the trial court entered an order modifying the permanent child-support order[2] changing Defendant's monthly support to $975 per month plus $23 per month applied towards arrears. On 9 December 2024, Defendant moved to modify the existing child-support order in an effort to terminate his child-support obligation, stating that he had "recently been approved" for Social Security Disability Insurance (SSDI) benefits and that L.N.F. was "entitled to a monthly benefit."

On 4 February 2025, the trial court heard Defendant's motion. Wilson County Department of Social Services (WCDSS) appeared and submitted documentary evidence without objection,[3] showing L.N.F.'s entitlement to monthly benefits of $1,356 beginning in December 2024 and retroactive monthly benefits of $1,323 for January through November 2024. The trial court also heard testimonies from Plaintiff and Defendant. It then granted Defendant's motion to modify and "suspended effective 1 January 2025" his child-support obligation "as the child receives $1,356 from Defendant's disability. L.N.F. also received a lump sum of

---

[1]   In accordance with North Carolina Rule of Appellate Procedure 42(b), we refer to the minor child by a pseudonym to protect her identity. *See* N.C. R. App. P. 42(b).

[2]   The original child-support order is not in the record on appeal.

[3]   The record on appeal omits too much documentation to show how WCDSS involved itself in this action. WCDSS's brief contends that, while Plaintiff "refers to herself throughout her brief as the plaintiff . . . , she is not the plaintiff" because she "assigned her claims for support to [WCDSS], making [WCDSS] the plaintiff in the underlying action." For the reasons discussed below, we cannot ascertain whether WCDSS is the proper plaintiff in this action.

$12,970.50 when credited towards arrears." (Quotation modified.) Plaintiff timely appealed.

## II. Jurisdictional Analysis

As discussed further below, Plaintiff violated multiple North Carolina Rules of Appellate Procedure (Rules) by failing to include key documents "necessary to an understanding of all issues presented on appeal." N.C. R. App. P. 9(a)(1)(j) [hereinafter Rules]; *see id.* 9(a)(1)(c)–(d) (summons and pleadings). These numerous violations implicate jurisdictional questions because "default under the appellate rules arises primarily from" either: "(1) waiver[s] . . . in the trial court; (2) defects in appellate jurisdiction; [or] (3) violation[s] of nonjurisdictional requirements." *Dogwood Dev. & Mgmt. Co. v. White Oak Transp. Co.*, 362 N.C. 191, 194 (2008).

At the outset, the trial court's modification order at least purports to confer subject-matter jurisdiction as the "final judgment of a district court in a civil action." N.C.G.S. § 7A-27(b)(2) (2025); *see In re Peoples*, 296 N.C. 109, 144 (1976) ("The jurisdiction of a court . . . over the subject matter of a proceeding is derived from the law which organized the tribunal."). But Plaintiff's failure "to indicate that the [trial c]ourt had jurisdiction to rule on [her] motion" robs us of the subject-matter "jurisdiction to hear [her] appeal." *State v. Hickerson*, 59 N.C. App. 356, 357 (1982). Defendant included in the record a transcript of the hearing at which he contested his child-support obligations. And even though the record contains no "copies of any summonses issued or returned" below as required by Rule 9(a)(1)(c), her

"participation in the trial[-]court proceedings without objection waives any defects in [personal] jurisdiction" over her "for want of valid summons or of proper service thereof." *In re J.C.M.J.C.*, 268 N.C. App. 47, 58 n.3 (2019) (quotation omitted). But subject-matter jurisdiction also derives from the "civil action . . . commenced by" a *plaintiff* "filing a complaint with the [trial] court," N.C. R. Civ. P. 3(a), which the record must then reflect on appeal, *see* Rule 9(a)(1)(c)–(d); *accord* N.C. Rules of App. Proc., 287 N.C. 671, 696 cmt. (1975) (promulgating then-Rule 9(b)(1)(iii) "for a record showing of 'judicial' jurisdiction . . . over person"). Blackletter appellate procedure requires no less. *See Thrush v. Thrush*, 245 N.C. 63, 65 (1956) (collecting cases).

Here, Plaintiff omits several key documents in the record on appeal—*e.g.*, the original child-support complaint, the summons and return of service, and any temporary or permanent child-support orders prior to the 2017 modification—all which might otherwise show the trial court's subject-matter jurisdiction to render its modification order. *See* Rule 9(a)(1)(c)–(d), (j). Without the original child-support complaint, we have no way to know which party filed for child support or whether Plaintiff is the proper party to this action in the first place. *See* Rule 9(a) (limiting review to record on appeal). Although unnoticed by the parties,[4] the record fails to demonstrate the trial court's subject-matter jurisdiction over this case. *See Carpenter v. Carpenter*, 245 N.C. App. 1, 8 (2016).

---

[4]  Although WCDSS raised the issue of whether Plaintiff is the proper plaintiff in this action, it did not raise personal jurisdiction specifically.

Our Supreme Court instructs us to "arrest judgment or vacate any order entered without authority" "[w]hen the record shows a[n affirmative] lack of jurisdiction in the lower court." *State v. Felmet*, 302 N.C. 173, 176 (1981). But "when the record is *silent*" and we cannot "determine whether the court below had jurisdiction" either way, we must instead dismiss the appeal outright. *Id.* (emphasis added); *cf., e.g.*, *State v. Hunter*, 245 N.C. 607 (1957) (dismissing criminal appeal for failure to include copy of indictment in violation of Rule 9(a)(3)(c)); *accord J.C.M.J.C.*, 268 N.C. App. at 50 (same). Because the record on appeal is entirely silent as to the trial court's subject-matter jurisdiction to issue its modification order, we dismiss this appeal.

### III.    Conclusion

For the reasons above, this Court dismisses Plaintiff's appeal of the trial court's modification order.


DISMISSED.

Judges GORE and FREEMAN concur.

Report per Rule 30(e).